IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3054 |
| vs. | |
| ROBERT EUGENE HUFF, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for departure or variance. Filing 42.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has filed a motion (filing 42) for departure or variance, seeking a departure pursuant to U.S.S.G. § 5H1.1 (age) and U.S.S.G. § 5H1.11 (military service) and a variance based upon his personal characteristics and § 3553(a). *See* filing 43. The Court is aware of its authority to depart or vary from the Guidelines. *See United States v. Saddler,* 538 F.3d 879, 889-90 (8th Cir. 2008). But the defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu,* 12 F.3d 1506, 1511 (9th Cir. 1993); *see United States v. Torres,* 563 F.3d 731, 734 (8th Cir. 2009); *United States v. Lussier,* 423 F.3d 838, 843 (8th Cir. 2005); *United States v. Almazan,* 908 F. Supp. 2d 963, 969 (N.D. Iowa 2012). Accordingly, the Court will resolve the defendant's motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 21st day of May, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge